[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS TO STRIKE
Marian Kellner, a defendant in the above-captioned medical malpractice action, has moved to strike the fourth count of the complaint, in which the plaintiff alleges wanton and reckless misconduct, as well as the plaintiff's claim for punitive damages. Defendant Hartford Hospital has CT Page 4588 moved to strike the fifth count, which likewise alleges that the alleged breach of the standard of care was not just negligent, but reckless. Hartford Hospital has adopted the arguments made in support of Dr. Kellner's motion to strike.
The movants assert that the facts alleged do not support a claim for recklessness but allege merely negligent conduct. The plaintiff has alleged in other counts of her complaint that both movants were negligent in the manner in which they provided her with medical care.
Standard of Review on Motion to Strike
The function of a motion to strike is to test the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. Sherwood v. Danbury Hospital, 252 Conn. 193, 213 (2000);Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-215 (1992); Ferryman v. Groton, 212 Conn. 138, 142 (1989); Practice Book § 10-39. The role of the trial court is to examine the complaint, construed in favor of the pleader, to determine whether the pleader has stated a legally sufficient cause of action. ATC Partnershipv. Windham, 251 Conn. 597, 603, cert. denied, 120 S.Ct. 2217 (1999); Doddv. Middlesex Mutual Assurance Co., 242 Conn. 375, 378 (1997); Napoletanov. CIGNA Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33, cert. denied, 117 S.Ct. 1106 (1990).
In adjudicating a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff.Gazo v. Stamford, 255 Conn. 245, 260 (2001); Bohan v. Last, 236 Conn. 670,675 (1996); Sassone v. Lepore, 226 Conn. 773, 780 (1993); NovametrixMedical Systems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215; Gordonv. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The requirement of favorable construction does not extend, however, to legal opinions or conclusions stated in the complaint, but only to factual allegations and the facts "necessarily implied and fairly provable under the allegations." Forbes v. Ballaro, 31 Conn. App. 235, 239 (1993). Conclusory statements or statements of legal effect not supported by allegations of fact will not enable a complaint to withstand a motion to strike. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985); Fortini v. NewEngland Log Homes, Inc., 4 Conn. App. 132, 134-35, cert. dismissed,197 Conn. 801 (1985).
Standard for Recklessness
"Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than gross negligence. . . . The state of mind amounting to recklessness may CT Page 4589 be inferred from conduct, But in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." (Citations and internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518, 532 (1988), quoting Mooney v.Wabrek, 129 Conn. 302, 308 (1942). Willful conduct "tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. . . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention." Dubay v. Irish. supra, 207 Conn. 533, quoting W. Prosser W. Keaton, Torts (5th Ed.) § 34, p. 214.
In the two challenged counts of the complaint, the plaintiff alleges that the movants had "full knowledge" that the plaintiff was allergic to penicillin yet administered to her an antibiotic, ampicillin, which the plaintiff alleges is" a semi-synthetic penicillin that is structurally almost identical to penicillin." (Complaint, paras. 12, 47a.) The plaintiff alleges that she notified the defendants that she was allergic to penicillin and experienced a rash when it was administered, and that her allergy was "well-documented." (Complaint, paras. 7, 8, 9.) She alleges that the defendants chose to administer an antibiotic with the same structure as penicillin not because they were negligent in failing to determine if she was allergic to it, but because they actually knew that she was and chose to administer it anyway, despite their knowledge that it was likely to cause her to suffer an allergic reaction. In short, the plaintiff asserts not inadvertence but a knowing departure from what she implicitly alleges to be a standard of care of not administering ampicillin to patients who are allergic to penicillin because such administration will cause allergic reactions.
The movants assert that because the plaintiff makes the same allegation in the counts of her complaint in which she alleges that they were negligent, she has failed to allege wanton or reckless conduct in the challenged counts. In Craig v. Driscoll, 64 Conn. App. 699, 718-720, cert. denied, 268 Conn. 931 (2001), the Appellate Court reversed the granting of a motion to strike a claim of recklessness where the plaintiff repeated allegations contained in a count alleging negligence. The approach endorsed by the Appellate Court was not to focus on the claimed duplication, but rather to examine whether the facts alleged stated a cause of action for reckless conduct, regardless of whether they were also pleaded in a count alleging negligence: "To determine whether the plaintiffs' amended complaint states a cause of action sounding in recklessness, we look first to the definitions of wilful, wanton and reckless behavior." Craig v. Driscoll, supra, 64 Conn. App. 720. The CT Page 4590 Appellate Court recognized that "[t]he plaintiff may claim alternative relief, based upon an alternative construction of the cause of action."Craig v. Driscoll, supra, 64 Conn. App. 721, citing Marrin v. Spearow,35 Conn. App. 398, 401 (1994).
It may be that the plaintiff will be able to prove only that the defendants failed to check records indicating that she was allergic to penicillin before administering ampicillin, proof that would likely support only a finding of negligence. She has alleged, however, they they not only had the means to know, but actually knew that she was allergic to a drug they chose to administer despite that knowledge. This allegation is sufficient to state a cause of action for reckless conduct, as defined in the cases cited above.
Conclusion
Both of the motions to strike are denied.
Beverly J. Hodgson Judge of the Superior Court